IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RICKY A. ORSO, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIV. ACT. NO. 24-0124-JB-MU |
| | ) | |
| HEATH JACKSON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Ricky A. Orso, Jr., proceeding without an attorney (*pro se*) and without prepayment of fees (*in forma pauperis*) filed a complaint and two amended complaints under 42 U.S.C. § 1983. (Docs. 1, 10, 13). Since these filings, however, Plaintiff has failed to prosecute the action. Accordingly, the undersigned **RECOMMENDS** Plaintiff's complaint be **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 41(b).

**I. Background**

While detained at the Escambia County Jail, Plaintiff initiated this action with the filing of a handwritten statement, which the Court construed as a complaint seeking relief under 48 U.S.C. § 1983. (Doc. 1). Most recently, the Court conducted a screening of Plaintiff's complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B), and determined Plaintiff's complaint failed to state a claim and was due to be dismissed. (*See* Doc. 18). Instead of dismissing the complaint, the Court gave Plaintiff a chance to file a third amended complaint to cure the noted deficiencies; the third amended complaint was due by January 6, 2025. (*See Id.*). The Court cautioned Plaintiff that failure to comply with the

order within the prescribed deadline or to advise the Court of a change in address would result in the dismissal of the action for failure to prosecute and to comply with the Court's order. (*Id.* at 6). The order to amend the complaint was mailed to Plaintiff at his last known address but was returned to the Court on January 3, 2025, as undeliverable, "RETURN TO SENDER NO LONGER HERE." (*See* Doc. 21).

On December 23, 2024, however, prior to the return of the order to amend, the Court received Plaintiff's notice that he had been moved from the Mobile County Metro Jail to the Washington County Jail. (*See* Doc. 19). To ensure that Plaintiff received the previously sent order to amend and had time to respond, the Court resent the order to amend his complaint (Doc. 18) and extended the deadline to comply to January 24, 2025. (*See* Doc. 20). Plaintiff was cautioned in the Court's order that failure to comply with the order within the prescribed deadline or failure to advise the Court of a change in address would result in the dismissal of the action for failure to prosecute and to comply with the Court's order. (*Id.* at 6).

To date, Plaintiff has not filed a third amended complaint as ordered, nor has he communicated with the Court in any manner. Additionally, it appears that Plaintiff is no longer incarcerated at the Washington County Jail, but he did not inform the Court of his release or provide a new address. Indeed, the Court confirmed by an independent internet search that Plaintiff is not listed as a current inmate of the Washington County Jail. (*See* http://www.washcoso.com/whos-in-jail/) (last visited January 28, 2025). Consequently, the Court is unable to locate the whereabouts of Plaintiff.

## II. Legal Analysis

A federal district court is authorized to dismiss a case *sua sponte* for failure to

prosecute under both Federal Rule of Civil Procedure 41(b) and its inherent power to manage its docket. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005); *see also* S.D. Ala. CivLR 41(c) ("Whenever it appears that the Plaintiff is not diligently prosecuting the action, the Court upon notice may dismiss the action for failure to prosecute, in accordance with applicable law."). In the present action, Plaintiff was cautioned multiple times that failure to inform the Court of his current address would result in a recommendation that this action be dismissed without prejudice. (*See* Docs. 3, 7, 15, 18). The deadline for compliance with the Court's order to amend has passed, and Plaintiff has failed to file a third amended complaint curing the deficiencies of his current complaint. Plaintiff has also failed to update the Court as to his release or transfer from the Washington County Jail or provide a new address or contact information. Accordingly, the Court has no means to communicate with Plaintiff.

Upon consideration of these facts and of the alternatives available to the Court, the undersigned **RECOMMENDS** this action be **DISMISSED without prejudice** for failure to prosecute, under both Rule 41(b) and the Court's inherent authority, as no other lesser sanction will suffice. *Link v. Wabash R. R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *accord World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1983); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983).

### III. Conclusion

In accordance with the foregoing analysis, the undersigned **RECOMMENDS** that

Plaintiff's complaint be **DISMISSED without prejudice** and that final judgment be entered accordingly under Federal Rule of Civil Procedure 58.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **10th** day of **February 2025**.

/s/ P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**

4